IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Donnie Weaver, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:16-cv-454 |
| | ) |
| Regional Adjustment Bureau, Inc. | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

### JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Donnie Weaver, (hereafter referred to as "Plaintiff") is a resident of this State, District and Division and is authorized by law to bring this action.

7. Defendant Regional Adjustment Bureau, Inc. (hereafter referred to as "Defendant") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized in Washington, with its principal office located at 1900 Charles Bryan Road, Suite 110 Cordova, TN 38016-5167 and maintains Robert F. Wyatt, 1900 Charles Bryan Road, Suite 110 Cordova, TN 38016-5167, as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Specifically, Plaintiff previously had a financial obligation to Honda Financial Services whereby payments were not made and the account was ultimately charged off.

12. Upon information and belief, the original creditor, Honda Financial Services, waived its right to collect interest. Honda Financial Services' waiver of its right to collect interest is transferred to any purchaser of this debt and said purchaser or agent for said purchaser shall be bound to Honda Financial Services' waiver.

13. On or around July 21, 2015, Plaintiff received a collection letter from Defendant. A copy of collection letter is attached as Exhibit 1 and incorporated herein by reference.

14. Said collection letter states that Plaintiff owes a balance of $4,885.48, including a $30.00 fee Defendant added to the principal balance of $4,855.48.

15. That Defendant, in its collection letter, states "Because of interest, late charges and other charges that may vary from day to day your payment may be greater".

16. Plaintiff asserts that Defendant is collecting "interest, late charges and other charges" that it is neither legally nor contractually allowed to collect.

CAUSES OF ACTION
VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
UNFAIR PRACTICES

17. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 16 above as if set forth fully herein.

18. By attempting to collect interest, late charges and other charges not allowed by either contract or law, Defendant is violating FDCPA § 1692e (2)(A), § 1692e (2)(B) and § 1692f (1) by falsely representing the character, amount or legal status of the debt, falsely representing any compensation which may be lawfully received for the collection of this debt and attempting to collect any amount of money from Plaintiff (including any interest, fees,

charges or other expenses) not expressly authorized by the agreement creating the debt or permitted by law.

19. Defendant is attempting to collect interest, late charges and other charges on a charged-off debt where is original creditor waived its right to collect such fees when the Court of Appeals has opined it is a violation of FDCPA to do so. Specifically, the Court of Appeals for the Sixth Circuit held in *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443 (6th Cir. 2014), that once the original creditor waives it's right to collect interest or other fees, that waiver follows any subsequent purchaser of that debt.

20. By charging interest, late charges and other charges that Defendant is neither legally nor contractually authorized to collect, Defendant is violating FDCPA §§ 1692e (2)(A), 1692e (2)(B), 1692f (1).

21. Plaintiff asserts that the balance demanded by Defendant demonstrates that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

22. The Plaintiff asserts that the balance demanded by Defendant demonstrates that the Defendant does not have actual knowledge of the correct amount of interest and or fees applicable to this account, if any.

23. The Plaintiff further asserts that Defendant is attempting to confuse him as to the amount owed, so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on interest, late charges and other charges that were never legally owed by him.

24. Defendant's collection letter never asserts at what rate or methodology interest, late charges and other charges are accruing, and therefore even if he were to pay the full amount demanded of her, Defendant may still seek more from him in the future.

25. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

26. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k (a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k (a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted this 19th day of July 2016.

Donnie Weaver

BY: /S/ Cynthia T. Lawson
CYNTHIA T. LAWSON, #018397
Bond, Botes & Lawson, P.C.
Attorney for Plaintiff
6704 Watermour Way
Knoxville, TN 37901
Phone: 865-938-0733
cynthialawson@bbllawgroup.com